UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CONTOUR IP HOLDING, LLC | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-01369-SDJ |
| | § | |
| ARASHI VISION INC., D/B/A | § | |
| INSTA360 | § | |

## **ORDER**

Before the Court is Plaintiff Contour IP Holding, LLC's ("Contour") Voluntary Dismissal of Patent Claims. (Dkt. #13). This filing is an improper attempt to notice the dismissal of certain of Contour's claims against Arashi Vision Inc., d/b/a Insta360 ("Insta360") under Federal Rule of Civil Procedure 41(a). As such, the notice must be stricken.

Federal Rule of Civil Procedure 41(a) allows a plaintiff to "dismiss an action without a court order" either by filing (i) a notice of dismissal prior to the defendant serving an answer or a motion for summary judgment or (ii) a stipulation of dismissal signed by all parties who have appeared in the case. FED. R. CIV. P. 41(a)(1)(A). Contour's filing invokes Rule 41(a)(1)(A)(i) to dismiss only Count I of the complaint. (Dkt. #13).

But controlling Fifth Circuit precedent clearly provides that Rule 41(a)(1)(A) may not be used to dismiss *some* claims against a defendant—the rule allows only for dismissal of *all* claims against a defendant. *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979) (distinguishing between allowable dismissals of individual defendants and improper dismissals of individual claims under Rule 41(a) and

1

stating that "'when Rule 41(a) refers to [d]ismissal of an "action", there is no reason to suppose that the term is intended to [i]nclude the separate claims which make up an action'" (quoting *Smith, Kine & French Lab'ys v. A.H. Robins Co.*, 61 F.R.D. 24, 29 (E.D. Pa. 1973))); *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims." (citation omitted)); *see also Swope v. Columbian Chems. Co.*, 281 F.3d 185, 192 n.15 (5th Cir. 2002) ("Rule 41(a) contemplates dismissal of an 'action' rather than a 'claim' or 'claims.'"). The notice of dismissal of certain—but not all—claims against Insta360 is thus invalid, and "an invalid Rule 41(a) dismissal is a nullity." *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020).

To effectuate its desire to no longer assert certain claims against Insta360, Contour must move to amend its complaint. *See Williams*, 958 F3d. at 347 ("A dismissed claim remains a part of the case, absent amendment of the complaint under Rule 15."); *see also Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (3d ed. 2008) for the proposition that "Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15").

It is therefore **ORDERED** that Plaintiff's Voluntary Dismissal of Patent Claims, (Dkt. #13), is **STRICKEN**.

**So ORDERED and SIGNED this 5th day of August, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE